J-S33007-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH FORMICA | : | |
| | : | |
| Appellant | : | No. 1049 MDA 2018 |

Appeal from the PCRA Order Entered May 25, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0004689-2011,
CP-36-CR-0004737-2011

BEFORE:  LAZARUS, J., OTT, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY LAZARUS, J.:                    **FILED AUGUST 13, 2019**

Joseph Formica appeals *pro se* from the order, entered in the Court of Common Pleas of Lancaster County, denying his *pro se* petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Based upon our Supreme Court's decision, ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018), we quash the appeal.

The trial court summarized the procedural history as follows:

> Following a consolidated jury trial, [Formica] was convicted on March 8, 2013[,] of the following offenses: [on] Docket 4689-2011, one count of [r]ape, one count of [i]nvoluntary [d]eviate [s]exual [i]ntercourse ("IDSI"), one count of [a]ggravated [i]ndecent [a]ssault, and one count of [i]ndecent [a]ssault; [on] Docket 4737-2011, one count of [s]tatutory [s]exual [a]ssault, one count of IDSI, one count of [u]nlawful [c]ontact with a [m]inor, and one count of [c]orruption of [m]inors.  On May 28, 2013, the [c]ourt sentenced [Formica] to an aggregate term of twenty-three (23) years' to forty-six (46) years' incarceration in a state correctional institution.

[Formica] did not thereafter appeal his judgment of sentence to the Superior Court. Rather, on May 22, 2014, [Formica] filed a *pro se* [m]otion for [p]ost-[c]onviction [c]ollateral [r]elief pursuant to the [PCRA]. The Court appointed Maryjean Glick, Esquire, to represent [Formica] in the disposition of his PCRA claim. On September 22, 2014, following a *Grazier* hearing, the [c]ourt permitted [Formica] to proceed *pro se* and allowed counsel to withdraw.

After the [c]ourt granted [Formica] numerous extensions of time to file an amended PCRA [p]etition, and subsequent to a brief stay of the proceedings, Jeffrey Conrad, Esquire, entered his appearance for [Formica] on September 7, 2016. Following a hearing held on September 9, 2016[,] regarding [Formica's] PCRA [p]etition, the [c]ourt resentenced [Formica] and dismissed the [p]etition. On November 21, 2016, the [c]ourt granted [a]ttorney Conrad's motion to withdraw. On December 5, 2016, [Formica], *pro se,* filed a notice of appeal to the Superior Court, which dismissed [Formica's] appeal on February 3, 2017[,] due to [Formica's] failure to comply with Pa.R.A.P. 3517.

On September 8, 2017, [Formica] filed his second *pro se* PCRA Petition. The [c]ourt appointed Christopher P. Lyden, Esquire, to represent [Formica] in the disposition of his PCRA claim. On December 15, 2017, after finding no non-frivolous issues in the Petition, counsel filed a [n]o-[m]erit [l]etter pursuant to *Commonwealth* v. *Finley,* 550 A.2d 213 (Pa. Super. 1988), and *Commonwealth* v. *Turner,* 544 A.2d 927 (Pa. 1988), in which counsel sought to withdraw from representing [Formica]. On February 16, 2018, the [c]ourt denied counsel's motion to withdraw due to an error in counsel's [n]o-[m]erit [l]etter regarding the date [Formica's] judgment of sentence became final. Counsel filed a second [n]o-[m]erit [l]etter/[m]otion to [w]ithdraw on February 28, 2018.

On May 2, 2018, following an independent review of the record, the [c]ourt granted counsel's motion to withdraw and issued a notice of intent to dismiss [Formica's] PCRA [p]etition without a hearing pursuant to Pa.R.Crim.P. 907. After receiving no response from [Formica], the [c]ourt dismissed [Formica's] PCRA [p]etition on May 25, 2018. The instant appeal followed.

[Formica] was ordered to file a concise statement of matters complained of on appeal pursuant to Pa.R.A.P. 1925(b). On June

22, 2018, [Formica] filed a timely 1925(b) Statement. The Commonwealth filed its response on July 17, 2018.

Trial Court Opinion, 8/30/18, at 1-3 (footnotes omitted).

Before we can delve into the merits of Formica's appeal, we must address the fact that he filed a single notice of appeal from an order that resolved issues arising on two different docket numbers. Pennsylvania Rule of Appellate Procedure 341(a) directs that "an appeal may be taken as a right from any final order of a government unit or trial court." Pa.R.A.P. 341(a). "The Official Note to Rule 341 was amended in 2013 to provide clarification regarding proper compliance with Rule 341(a)." *Commonwealth v. Walker*, 185 A.3d 969, 976 (Pa. 2018). The Official Note now reads:

> Where . . . one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. *Commonwealth v. C.M.K.*, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

In *Walker,* our Supreme Court construed the above language as a "bright-line" rule mandating practitioners "file separate appeals from an order that resolves issues arising on more than one docket. The failure to do so requires the appellate court to quash the appeal." *Walker*, 185 A.3d at 977. This mandate applies to all appeals. *See Id.*; *Commonwealth v. Williams*, 206 A.3d 573 (Pa. Super. 2019) (holding Rule 341(a) requires practitioners file separate notices of appeal in PCRA appeals involving more than one docket

- 3 -

number).  The Supreme Court's ruling only applies prospectively.  *Walker*, 185 A.3d at 77.

*Walker* was filed on June 1, 2018.  Here, Formica filed his notice of appeal containing two docket numbers on June 11, 2018.  He hand-dated the notice of appeal June 3, 2018.  Because Formica's notice of appeal post-dates the *Walker* decision, he was required to file separate notices of appeal for each docket number.  Therefore, we must quash this appeal in accordance with Rule 341 and *Walker*.

Appeal quashed.  Jurisdiction relinquished.

Judge Ott joins the Memorandum.

President Judge Emeritus Ford Elliott notes her dissent.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/13/2019